Alexander Del G-iorno, J.
This is a motion for an order permitting the above claimants to file their separate claims pursuant to subdivision 5 of section 10 of the Court of Claims Act.
The affidavits attached to the moving papers indicate that on or about August 26, 1961, allegedly extensive water damage, among other things, was done to the personal and real property of the claimants by and through the negligence of the State of New York, its officers, agents or employees in their maintenance of certain catch basins, drop inlet and pipelines along Broadway in the Village of Menands, State of New York.
Correspondence attached to the moving papers indicates conferences between the representative of the claimants and the resident engineer of Albany County, relative to the failure of a drainage pipe extending through the property of the corporation. A letter, dated September 27,1961, signed by J. A. Grady, Assoc. L&C Adjuster, indicated that the District Engineer, aware of the complaint of the claimants, had requested a search of the files of the Department of Public Works, which disclosed, according to the letter, that easement rights were never acquired by the State to permit the installation of the pipe by the State in conjunction with the construction or maintenance of the highway. Mr. Grady further stated in the letter that the department did not feel responsible for the failure of the drainage pipe, but that nevertheless they were projecting their research to the county, town and village records, and if further information was obtained, the claimants would be so informed.
By letter dated October 3, 1961, the claimants replied to Mr. Grady, accepting his statement that the State did not possess easement rights over their property for water drainage and proposed that they could arrive at a simple solution by blocking off the lower entrance of the culvert which leads into the pipe. The claimants allege in their affidavit that subsequent to their letter of October 3, 1961, clamants made further investigations to ascertain the ownership of pipes, culvert, catch basins and drop inlet, by contacting the authorities of the Village of Menands, and causing them to conduct a color test of the water to ascertain whether or not it came from the catch basin maintained by the State in the Village of Menands. The claimants also engaged an independent contractor to uncover a pipe lead *257 ing from the drop inlet owned by the State and running under claimants’ property to establish whether or not that said pipe led directly from the drop inlet; that thereafter the claimants caused the authorities in the Village of Menands to conduct another water color test which established that the water did flow from the State drop inlet into and through the facilities established in claimants’ property. The claimants conducted further investigations in an effort to establish the cause of the flooding and damage. All these tests were conducted during the month of November and ended on or about December 15, 1961.
The notice of motion herein, with the proposed claims, was filed in the office of the Clerk of the Court of Claims on January 19, 1962.
The memorandum of law submitted by the State properly sets forth the requirements of subdivision 5 of section 10 of the Court of Claims Act which, when met, will permit the court to allow a late filing. These are:
1. Timely notice of motion.
2. Verified claim showing a prima facie cause of action.
3. Affidavit showing that: (a) the State had full knowledge of the facts at all times; (b) the State can in no way be prejudiced.
4. Claimant must present a reasonable excuse for not filing the claim within the prescribed time.
Upon due consideration of the facts submitted herein, the court holds that all the requirements for late filing have been met by the claimants. This is not a case directly concerned with the question of whether or not ignorance of the law may be an excuse for a late filing; rather, it is a case, as the court sees it, for determination as to when the cause of action against the State accrued. The court holds that even though the original damage commenced or took place on August 26,1961, the determination of its cause and full extent could not have been determined until after the steps heretofore recited on the part of the claimants had been taken.
The court holds that the claims did not accrue until December 5, 1961, and inasmuch as the State was aware from the very inception of the occurrence complained of, the State is not in any way prejudiced.
The claims would be timely filed. Enter order on notice, permitting the filing of the claims in accordance with this decision.