■ 47–ALBANY TROY ROAD CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. ALBANY MACHINE TOOL CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Motion M–6309.) — Appeal by the State of New York from an order of the Court of Claims granting claimants' motion for leave to file late claims pursuant to subdivision 5 of section 10 of the Court of Claims Act. Claimants respectively the owner and lessee of real property abutting Broadway in the Village of Menands allege that they sustained damages during a rainstorm on August 26, 1961 when water which had escaped from negligently maintained State highway drainage facilities flooded the premises. Having failed to file claims or written notices of intention to file such within the 90-day period permitted by statute, claimants moved for permission to file the late claims on January 19, 1962, some five months after they had accrued. In granting the relief sought the court below stated: " Upon due consideration of the facts submitted herein, the Court holds that all the requirements for late filing have been met by the claimants." The State does not urge that it lacks actual knowledge of the facts constituting the claims or that it will be prejudiced by their late filing. Subsequent to the State's letter dated September 27, 1961 disclaiming responsibility for the flooding, the necessity for and the extent of the investigations conducted by claimants' president in an attempt to discover its cause and completed by him on or about December 15, 1961 seems to us to constitute a showing of reasonable excuse for the failure of claimants timely to file the notices of intention and to warrant the favorable exercise of the discretion of the trial court. (*Farnham* v. *State of New York,* 195 Misc. 380, affd. 277 App. Div. 1015, motion for leave to appeal denied 302 N. Y. 948.) Its additional holding that the claims did not accrue until December 5, 1961 and thus were timely filed as of right which we think was error dealt with an issue not involved in the case and was clearly obiter dictum. In the circumstances presented we perceive no merit to the thesis advanced by appellant that the question of responsibility for the alleged occurrence was one of law, ignorance of which provided no excusatory basis for the delay in filing. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ. [32 Misc 2d 255.]